UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MARIA VELEZ,

                        Plaintiff,

      -against-                                  22-cv-9107 (LAK)

CAN TRUCKING INC and LEESENT STAPLETON,

                        Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10-26-22

## ORDER

LEWIS A. KAPLAN, *District Judge*.

       Jurisdiction is invoked pursuant to 28 U.S.C. § 1332. The notice of removal fails adequately to allege the existence of subject matter jurisdiction because, perhaps among other things, it fails adequately to allege:

        ☑    The citizenship of one or more natural persons. *See, e.g., Sun Printing & Publishing Ass'n v. Edwards*, 194 U.S. 377 (1904); *Leveraged Leasing Administration Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44 (2d Cir. 1996).

        ☐    The citizenship of one or more corporations. *See* 28 U.S.C. § 1332(c)(1).

        ☐    The citizenship of one or more partnerships. *See Carden v. Arkoma Assocs.*, 494 U.S. 195 (1990).

        ☐    The citizenship of one or more limited liability companies. *See Handlesman v. Bedford Village Green Assocs. L.P.*, 213 F.3d 48, 52 (2d Cir. 2000).

        ☐    The nature and citizenship of one or more business entities.

        ☐    The timely removal of the action from state court.

In addition, the notice has not be joined in by all defendants.

       Absent the filing, on or before November 2, 2022, of an amended notice of removal adequately alleging the existence of subject matter jurisdiction, this action will be remanded to the state court.

       SO ORDERED.

Dated:      October 26, 2022

                                                                       Lewis A. Kaplan
                                                                  United States District Judge