UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
MARIA VELEZ,

                       Plaintiff,

         -against-                                    22-cv-9107 (LAK)

CAN TRUCKING INC and LEESENT STAPLETON,

                       Defendants
------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/27/2022

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Defendants removed this action from the state court, purportedly on the basis of diversity. The notice of removal, however, did not allege the citizenship of the plaintiff or of defendant Stapleton, merely that they reside in the Bronx and in Pennsylvania, respectively.

        On October 26, 2022, the Court entered an order pointing out that the allegation of diversity jurisdiction was deficient because it failed to allege the citizenship of one or more of the individual parties. The order cited *Sun Printing & Publishing Ass'n v. Edwards,* 194 U.S. 377 (1904), and *Leveraged Leasing Administration Corp. v. PacifiCorp Capital, Inc.,* 87 F.3d 44 (2d Cir. 1996). It stated also that the action would be remanded unless defendants filed an amended notice of removal adequately alleging citizenship.

        Later the same day, defendants filed a Third Amended Notice of Removal. It now alleges that Ms. Velez resides in the Bronx, Mr. Stapleton resides in Pennsylvania, and that they "[t]herefore" are citizens of New York and Pennsylvania, respectively.

        As the cases cited by the Court make abundantly clear, the residence of these parties in New York and Pennsylvania does not make them "citizens" of those states. In *Leveraged Leasing,* for example, the Second Circuit stated:

> "It is firmly established that diversity of citizenship 'should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record.' *Wolfe v. Hartford Life & Annuity Ins. Co.,* 148 U.S. 389, 13 S.Ct. 602, 37 L.Ed. 493 (1893). It is also clear that a statement of the parties' residence is insufficient to establish their citizenship. *Id.; John Birch Soc'y v. National Broadcasting Co.,* 377 F.2d 194, 199 (2d Cir.1967)." *Leveraged Leasing,*

87 F.3d at 47.

As defendants have had this pointed out to them in explicit terms before and have failed to correct this deficiency, this action is remanded to the Supreme Court of the State of New York, Bronx County. The Clerk shall close the case.

SO ORDERED.

Dated:            October 27, 2022

_____
Lewis A. Kaplan
United States District Judge